The counsel for Kerchival presented the following petition for a re-hearing.

The counsel for Kercheval feel disposed to re-call the attention of this court to the opinion rendered. The merits of the case have been kept out of sight, *513 and some or most of the assignment of error passed over on a point of practice never before so decided in this court.
Petition fora re-hearing.
It is a correct position, that two could not bring a writof error to reverse '¿judgement against one, at corn-corn law. But since our statute of amendment even that is doubtful. This rule, however, never did apply to decrees in equity. At common law, no such writ was known to reverse a decree. The practice has grown out of some of our statutes, and that by construction only. Of course, this court has always treated it liberally; have so moulded the writs as to meet the justice of the case, and have never applied to it those technicalities, which governed the writ at law. It is a rule of common law, that not only parties, but privies, and also those who are injured by even a judgment, may have a writ of error. Now we know that different parties come in at different times, and the positions of each may be singular in a chancery (cause.) The practice of the court has heretofore been,to permitany of the parties,who werepreju-diced, to be joined. And if only one wished to complain by writ of error, to this court, and (he rest did not join with him, he might.prosecute the writ alone, and make the rest parties by summoning them; see Carr vs. Callaghan, IV. Littell, 365. If, on the contrary, several wished to complain, they were always allowed to unite, although their interest as well as their complaints were different, and the court on final hearing distributed justice to all. Now it was the decree which bore at last on Thomas B. Kercheval, and inflicted upon him all the injury of which he complains, yet he cannot touch it, say the court, by writ of error, but only the order executing it. This order, the court say, is the joint interest of Thomas B. and John Kerchival, and to reverse this only, they can have a joint writ. If John wishes to reach the decree, he must go alone and leave out Thomas. This specifies more writs of error than one, and if the doctrine is adhered to, cases can be found, as chancery decreesare variouslysituated,where many writsof error must be issued to the same decree, and decrees will have to be reversed by fractions, when the writ of any one, joint or several, ought to reach the whole. We do apprehend considerable difficulty and *514 trouble in practice, from holding a writ of error hi cílance,T io technical strictness of a court of law. writ of error is a phenomenon in chanceey at best; unknown in any other country, it is in the power of (his court to mould it to do justice. It never will do this under common law rules. We therefore, (rust this court wilt not refuse to hear the merits of (he whole decree, provided the writ, as it really is, is in the name of him who can complain. A court of equity will refuse to hear a cause where parties are too few-, that is where some interested are absent. But never because the-re are too many. This never was ground to dismiss a bill.
■Mills and Brovm, for plaintiff; Reid, for defendant.
Per curiam. The petition is overruled.